[Civ. No. 55607. Second Dist., Div. Three. July 24, 1979.]

GERALDO MACIAS PRIETO, Plaintiff and Appellant, v.
ESPERANZA RIVERO, Defendant and Respondent.

**COUNSEL**

Laurence T. Emert for Plaintiff and Appellant.

Pattillo & Bassage and James D. Bassage for Defendant and Respondent.

**OPINION**

**COBEY, Acting P. J.**—Plaintiff, Geraldo Macias Prieto, appeals from a condition in the superior court order granting him, pursuant to Code of Civil Procedure section 473, relief from a default. The condition is that he pay defendant, Esperanza Rivero, $300 in attorney's fees.

The appeal lies. (Code Civ. Proc., § 904.1, subd. (b); 6 Witkin, Cal.Procedure (2d ed. 1971) Appeal, pt. I, § 88, p. 4097.) For reasons that follow, we intend to modify the order under appeal and affirm it as modified.

FACTS

Pursuant to Labor Code section 98.2, subdivision (a), defendant appealed from an order of the Labor Commissioner awarding plaintiff $1,125.63 from her. The appeal was duly set for trial on August 7, 1978, and the clerk of the superior court duly gave notice by mail of this setting to both parties to the appeal. (See Code Civ. Proc., § 594, subd. (b).)[1]

[1]As authorized by rule 12(a) of the California Rules of Court, we have added to the record on appeal the superior court file in this case. This notice, with proof of the mailing

Plaintiff received such notice on or about July 3, 1978, but he did not then realize that, pursuant to Labor Code section 98.4, the Labor Commissioner was going to represent him in the appeal.[2] Apparently the attorney in the Labor Commissioner's office in Los Angeles, to whom the appeal had been assigned, never received this notice or any other notice of the date of trial.[3] Consequently the Labor Commissioner did not appear for the trial of the appeal on August 7, 1978. Plaintiff likewise did not appear because his car broke down in Los Angeles on his way back to Santa Barbara from Tijuana.

The superior court on August 7, 1978, granted judgment by default to defendant on the appeal in view of the nonappearance for trial of plaintiff.[4] Defendant's counsel refused the Labor Commissioner's prompt request to set aside the default. The Labor Commissioner then moved, pursuant to the aforementioned Code of Civil Procedure section 473, for appropriate relief, and following a hearing of the motion the trial court granted it on condition that plaintiff pay defendant $300 in attorney's fees.

## DISCUSSION

■ The trial court erred in making the attorney's fees award under appeal. It is true that Code of Civil Procedure section 473 provides, in effect, that the court may condition the relief it grants under the section "upon such terms as may be just" and that such terms may quite properly include an award of attorney's fees to the inconvenienced party. (See *Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380, 395-396 [38 Cal.Rptr. 693]; Annot. (1952) 21 A.L.R.2d 863, 865.)

---

thereof on its back, appears in the file. According to the proof of mailing, a true copy of this notice was mailed to the Santa Barbara office of the Labor Commissioner. This office is designated as that of the Division of Labor Standards Enforcement since the Labor Commissioner is chief of that division. (Lab. Code, § 21.)

[2]Labor Code section 98.4 has always read: "The Labor Commissioner may, upon the request of a claimant financially unable to afford counsel, represent such claimant in the de novo proceedings provided for in Section 98.2. In the event that such claimant is attempting to uphold the amount awarded by the Labor Commissioner and is not objecting to any part of the Labor Commissioner's final order, the Labor Commissioner shall represent the claimant."

[3]In his declaration defendant's counsel has concluded to the contrary, but the trial court obviously decided otherwise because it granted the section 473 motion.

[4]Strangely enough apparently the judgment by default was not prepared in written form until September 24, 1978. It was filed the next day. These events occurred after the order under appeal setting aside the default had been filed on September 14, 1978. Apparently the judgment by default should have been made and entered nunc pro tunc as of August 7, 1978.

But the challenged award was made against the wrong person and is excessive in amount. The excusable neglect on plaintiff's part in this case was that of his statutory representative, the Labor Commissioner, in apparently failing to forward the clerk's notice of trial to his legal counsel in Los Angeles. Under Labor Code section 98.4, because of plaintiff's indigency, the Labor Commissioner was under a mandatory duty to represent plaintiff in the appeal. Consequently the award should have been directed against plaintiff's negligent statutory representative instead of against plaintiff himself.

Counsel for defendant, according to counsel's declaration, expended one hour and forty minutes in making his fruitless appearance for trial in the superior court on August 7, 1978. This time, if billed at his normal hourly rate of $60, was worth $100. Therefore the award of attorney's fees must be reduced to this figure. (See Code Civ. Proc., § 906.)

## DISPOSITION

The attorney's fees award before us is modified by making it payable by the Labor Commissioner alone rather than by plaintiff, Prieto, and by reducing it from $300 to $100. As so modified, it is affirmed. Costs on this appeal incurred by or for plaintiff, Prieto, however, shall be borne by defendant, Rivero.

Allport, J., and Potter, J., concurred.